THE AUTOMOBILE CLUB OF ST. PAUL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13318.   Promulgated June 28, 1949.

*Gustav C. Axelrod, Esq.*, for the petitioner.
*Thomas A. Steele, Jr., Esq.*, for the respondent.

1156

OPINION.

ARUNDELL, *Judge*: Petitioner concedes that if it is determined herein that it is not exempt from tax under the provisions of either section 101 (8) [2] or section 101 (9) [3] of the Internal Revenue Code, the deficien-

[2] SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS.

The following organizations shall be exempt from taxation under this chapter—

* * * * * * *

(8) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes;

[3] (9) Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder;

* * * * * * *

cies and penalties as assessed by the respondent in the notice of deficiency are correct.

We are of the opinion that this proceeding, in so far as it relates to the taxability of the petitioner under section 101 (9), is governed by the recent decision of this Court in *Chattanooga Automobile Club*, 12 T. C. 967, wherein we held:

* * * This petitioner has gone beyond its original purpose as set forth in its bylaws. It was not operated during the taxable year "exclusively for pleasure, recreation, and other nonprofitable purposes." Sec. 101 (9), I. R. C. Its principal activity was the rendering of services of a commercial nature to members at a lower cost than they would have to pay elsewhere. It thereby competed with others rendering similar services as a regular business for profit. * * * These were not merely incidental to some other transcending purpose of the petitioner. The petitioner was definitely engaged in business of a kind generally carried on for profit. It had some profits from that business and its members profited by receiving the service cheaper than they could have obtained it elsewhere. Such an organization is not exempt from tax under section 101 (9).

As the facts in the instant case are essentially the same as those forming the basis of our decision in *Chattanooga Automobile Club, supra*, we conclude, on the authority of that case, that the petitioner herein is not exempt from tax under section 101 (9). See also G. C. M. No. 23688, 1943 C. B. 283.

Petitioner further contends that it is exempt from tax under the provisions of section 101 (8), which generally exempts from taxation organizations which are not organized for profit but are operated exclusively for the promotion of social welfare and whose net earnings are devoted exclusively to charitable, educational, or recreational purposes. From the facts we have found herein, it is obvious that the income earned by petitioner was not devoted exclusively to charitable, educational, or recreational purposes, but largely inured to the direct benefit of its individual members by way of services of a commercial nature rendered to them by petitioner at lower rates than they would have to pay elsewhere.

Therefore, we are of the opinion that petitioner is not a tax-exempt corporation within the meaning of either section 101 (8) or section 101 (9) of the Internal Revenue Code, and that the deficiencies as determined by the respondent in the notice of deficiency must be sustained.

*Decision will be entered for the respondent.*